UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRAUER SUPPLY COMPANY 542(g) ASBESTOS PERSONAL INJURY TRUST, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:09-CV-1640-JAR |
| ATLANTA INTERNATIONAL INS. CO., et al., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Partial Reconsideration of the April 3, 2012 Order [ECF No. 148]. Plaintiff filed a memorandum in opposition to Defendants' motion on April 15, 2012 [ECF No. 151]. No reply was filed. For the following reasons, the Court will deny the motion and Defendants' request for oral argument.

District courts have considerable discretion in deciding whether to reconsider an interlocutory order and "may" relieve a party from such an order when, for example, the party demonstrates "mistake, inadvertence, surprise, or excusable neglect" or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(1), (6). Elder-Keep v. Aksamit, 460 F.3d 979, 984-85 (8th Cir. 2006). See also Anderson v. Raymond Corp., 340 F.3d 520, 525 (8th Cir.2003); Broadway v. Norris, 193 F.3d 987, 989 (8th Cir.1999). A motion to reconsider is "not a vehicle for simple reargument on the merits." Broadway, 193 F.3d at 989-90. It is also insufficient for the moving party to argue that it will be subject to potentially unfavorable consequences based on the Court's original ruling. Furminator, Inc. v. Munchkin,

Inc., 2009 WL 1140117, at *3 (E.D. Mo. April 28, 2009) (citing Atkinson v. Prudential Prop. Co., 43 F.3d 367, 373 (8th Cir. 1994)).

Defendants are not seeking reconsideration of that portion of the Order excluding Mr. Thomas' report and testimony on the issue of whether Brauer's representations were false. Rather, Defendants seek reconsideration of that part of the Order excluding portions of Mr. Thomas' report and testimony on relevant industry custom and practice. In support of their motion, Defendants assert Mr. Thomas' report contains sufficient references to industry custom and practice to be admissible, and specifically, examples of the insurance industry's concern with asbestos in the 1980s. First, Mr. Thomas's report mentions five different insurance companies that either refused to renew or declined to issue coverage to Brauer in the 1980s because of potential asbestos liability. This evidence, Defendants argue, will help the jury understand the hazards and financial risks confronting underwriters trying to determine whether to issue liability coverage. Second, Mr. Thomas' report references General Accident's underwriting guidelines cautioning against underwriting asbestos risks, which Defendants argue will help the jury appreciate that the insurance industry was concerned with asbestos risks when Brauer applied for insurance.

In response, Brauer notes the words "industry," "custom," and "practice" do not appear anywhere in Mr. Thomas' report. Next, with respect to any reference to insurance companies who refused to renew coverage to Brauer in the 1980s, Brauer argues Mr. Thomas does not indicate in his report that such non-renewals were reasonable and in accordance with the controlling industry standards at that time. Finally, the Great American underwriting guidelines referenced by Defendants are not attached as an exhibit to the Thomas report, nor does any

section of the report incorporate those guidelines by reference. Mr. Thomas offers no opinion that those guidelines comported with the prevailing industry customs or practices of that time.

There is no question that evidence of industry custom and practice may be relevant to an insurance dispute. See e.g. Cedar Hill Hardware & Constr. Supply Inc. v. Insurance Corporation of Hanover, 563 F.3d 329, 337, 343-44 (8th Cir. 2009); Meeker v. Shelter Mut. Ins. Co., 766 S.W.2d 733, 740 (Mo.App S.D..1989) ("Industry custom and practice [are] relevant to the issue of whether misrepresentations in an application for insurance are material."); Galvan v. Cameron Mutual Ins., 733 S.W.2d 771, 773 (Mo.App. E.D. 1987) (Industry custom may be considered in applying the test of materiality to a representation made when applying for insurance). Nevertheless, Mr. Thomas makes no mention of industry custom or practice in his report, nor does he suggest that he was retained to proffer an opinion on the industry-wide application of underwriting guidelines. In fact, Mr. Thomas was retained to provide an opinion "regarding whether full and complete information was provided by Brauer Supply Company and its representatives to the underwriters of [Atlanta International Insurance Company and General Accident Insurance Company] to enable them to develop a comprehensive understanding of Brauer's operations, exposures to be insured and risk of loss." (Expert Report of Richard L. Thomas, Doc. No. 144-2, p. 2).

Mr. Thomas does not evaluate the five referenced non-renewals in terms of 1980s industry standards, or opine on the reasonableness of those actions at that time. Further, the only mention made of General Accident's underwriting guidelines is found on the last page of Mr. Thomas' report, where he states his opinion that "the underwriter was deprived of full and complete information upon which to made a sound decision *consistent with GA's underwriting guidelines*." (Emphasis added.) As noted by Brauer, no industry-wide perspective is offered.

For these reasons, Defendants' motion for partial reconsideration will be denied.

3

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Reconsideration of the April 3, 2012 Order [ECF No. 148] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' request for oral argument on their motion will be **DENIED** as moot..

Dated this 30th day of April, 2012.

                                                JOHN A. ROSS
                                                UNITED STATES DISTRICT JUDGE